Li v. Holder

BIA
Weisel, IJ
A099 654 826

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

PRESENT:
DENNIS JACOBS,
*Chief Judge,*
PIERRE N. LEVAL,
PETER W. HALL,
*Circuit Judges.*

_____

WENYU LI,
*Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
*Respondent.*

_____

09-2995-ag

NAC

FOR PETITIONER: Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Yanal Yousef, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wenyu Li, a native and citizen of China, seeks review of a June 12, 2009, order of the BIA affirming the November 13, 2007, decision of Immigration Judge ("IJ") Robert D. Weisel denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Wenyu Li*, No. A099 654 826 (B.I.A. June 12, 2009), *aff'g* No. A099 654 826 (Immig. Ct. N.Y. City Nov. 13, 2007).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, Li has not meaningfully challenged the agency's determinations that: (1) he was not

subject to past persecution; (2) he failed to establish eligibility for CAT relief; and (3) his experiences with China's family planning policies do not establish his eligibility for asylum or withholding of removal. Accordingly, we do not review those findings. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

Li does challenge the determination that he did not establish a well-founded fear of persecution based on his parents' practice of Falun Gong and his Christianity. Substantial evidence supports the agency's conclusion that Li failed to demonstrate a well-founded fear of future persecution. The agency credited his testimony that his parents were Falun Gong practitioners and that he was a Christian, but found that Li did not have a well-founded fear of persecution as a result. Li asserts that this was error because the Country Reports show that those believed to be Falun Gong practitioners or Christians are subject to persecution in China.

In the absence of past persecution, an asylum applicant must show that he or she has a well-founded fear of future persecution by showing that he or she subjectively fears persecution and that this fear is objectively reasonable.

3

*Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate objective reasonableness, the applicant must show that a "reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000).

Addressing Li's claim of persecution based on his religion, the agency reasonably found that, while historically many Christians have been persecuted in China, Li had not established that he would himself be persecuted or unable to practice there, particularly considering the fact that his family did practice Christianity in China for many years. Li points to the repression of other Christians in China and the government's closure of his local church because it harbored Falun Gong practitioners. However, Li has not shown with specific facts that there is persecution of Christians in his locality or that he would be singled out for persecution. *See Huang*, 421 F.3d at 128 (noting that an applicant must demonstrate that a "reasonable person *in the petitioner's circumstances* would fear persecution if returned to his native country" (emphasis added)). The fact

4

that Li has practiced Christianity in China since birth without being subject to persecution suggests that he will not face future persecution.

The agency also reasonably found that Li had not shown that the government had any interest in persecuting him based on his parents' Falun Gong beliefs. Li argues that the agency erroneously failed to consider whether the Chinese authorities imputed to him the political opinions of his parents. However, the agency did consider practice of Falun Gong by the parents, but determined that Li's fear of persecution on that basis was not objectively reasonable. The fact that Li's church was shut down because it provided shelter to Falun Gong practitioners does not establish that he, as an individual, has been singled out as a suspected Falun Gong practitioner. *See id*. Similarly, the authorities' treatment of Li after his parents' disappearance does not show that they suspect him of practicing Falun Gong. Although the police questioned him in an effort to locate his parents, he was never detained, mistreated, or brutalized. Li asserted that an excessive fine was imposed for his family planning violation by reason of his parents' Falun Gong practice; but he provided no evidence to support that contention or to show that the fine

constituted persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Given the lack of evidence of past persecution and the lack of evidence that someone in Li's particular circumstances would be persecuted, the agency reasonably found that Li failed to sustain his burden of proving a well-founded fear of future persecution and thus failed to establish his eligibility for asylum. *See* 8 C.F.R. § 1208.13; *Huang*, 421 F.3d at 128. Li therefore necessarily failed to meet the higher burden required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk